IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**SYLVIA D. BARNES, individually
and on behalf of all others similarly
situated,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 2:06-0662**

**D KEVIN MOFFATT, SELECT
PORTFOLIO SERVICING, INC.
f/k/a FAIRBANKS CAPITAL CORP.,
WELLS FARGO BANK MINNESOTA, NA,
UNIMORTGAGE LLC, and CBSK
FINANCIAL GROUP, INC. d/b/a
AMERICAN HOME LOANS,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before this court are plaintiff's motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure (Doc. No. 6) and defendants' motion to transfer venue (Doc. No. 4) filed by D. Kevin Moffat, Select Portfolio Servicing, Inc., and Wells Fargo Bank Minnesota, NA.  Having reviewed the motion and the applicable law and for reasons stated below, this court **GRANTS** defendants' motion to transfer venue to the Northern District of West Virginia.  Accordingly, because this court is transferring venue, it has not reached the merits of plaintiff's motion to dismiss.

### I. Factual and Procedural Background

On March 14, 2002, plaintiff entered into a loan secured by

her residence in Berkeley County, West Virginia.  On February 5, 2005, plaintiff brought suit against defendants in Lincoln County, West Virginia.  (Doc. No. 1 Ex. A at 22.)  Plaintiff alleges that defendants engaged in predatory lending, improper loan servicing, and improper foreclosure practices.  (Id.)  On July 27, 2006, plaintiff filed a Chapter 7 Petition for Bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia.  (Doc. No. 1 Ex. B at 2.)  On August 25, 2006, defendants removed this action to this court pursuant to 28 U.S.C. § 1334, which grants district courts jurisdiction over civil proceedings "arising under title 11 or arising in or relating to a case under title 11 [of the Bankruptcy Code]."  See 28 U.S.C. § 1334(c)(1).  On October 4, 2006, defendants filed a motion to transfer venue to the Northern District of West Virginia.  (Doc. No. 4.)  Then on October 6, 2006, plaintiff filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.  (Doc. No. 6.)  Defendants' motion to transfer venue became ripe for adjudication when plaintiff failed to respond to it within the time period provided by Local Rule 7.1(c).

**II. Analysis**

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the

convenience of the parties."  Additionally, section 1412 governs transfer of venue for those categories of bankruptcy-related cases as well.  See Dunlap v. Friedman's, Inc., 331 B.R. 674, 680 (S.D. W.Va. 2005).  Further, in deciding to transfer venue, there is a strong presumption that bankruptcy-related proceedings should be litigated in the district where the bankruptcy case is pending.  See id., 331 B.R. at 678.

Under the interest of justice prong, when deciding to transfer venue in bankruptcy-related cases, courts often consider the same factors as when they are deciding to transfer a bankruptcy case.  See id. at 680.  Those factors are: "1. The proximity of creditors of every kind to the court[;] 2. The proximity of the debtor to the court[;] 3. The proximity of the witnesses necessary to the administration of the estate[;] 4. The location of the assets[;] and 5. The economical and efficient administration of the estate."  Id. at 680 (quoting 1 Howard J. Steinberg, Bankruptcy Litigation §§ 2:4, 2:6 (2005)).  The fifth factor, the economical and efficient administration of the estate, is the most important factor to consider.  See id.  Other factors courts consider when deciding to transfer venue are: "1. The presumption in favor of the home court; 2. The ability to receive a fair trial; 3. The state's interest in having local controversies decided within its borders, by those familiar with its law; 4. Enforceability of any judgment to be rendered; [and]

5. Plaintiff's original choice of forum." <u>See id.</u> at 681.

After analyzing the factors, this court determines that transferring venue to the Northern District would be in the interest of justice.  First, plaintiff's bankruptcy is currently pending in the Northern District of West Virginia, and transferring venue to that district would help facilitate the economical and efficient administration of plaintiff's bankruptcy estate.  The largest asset plaintiff claims in her bankruptcy schedules is her residence.  (<u>See</u> Doc. No. 1 Ex. B at 11.)  The loan plaintiff seeks to void in the underlying litigation is secured by this residence, so the outcome of this litigation bears substantially on the amount of assets plaintiff has available for distribution to her creditors in her pending bankruptcy.

The proximity factors also weigh in favor of transferring venue.  The plaintiff resides in the Northern District of West Virginia.  Additionally, of the eighteen creditors listed in Plaintiff's bankruptcy schedules, at least four are located in or near the Northern District of West Virginia, and none are located in the Southern District.  (<u>See id.</u> at 14-19.)  The remaining creditors are generally distant from both districts.  (<u>See id.</u>)  Also, several key witnesses reside in the Northern District, including many of the witnesses involved with originating and servicing plaintiff's loan.

4

Looking to the remaining factors, there is no indication that plaintiff will be prejudiced by a transfer of venue. In fact, plaintiff has indicated that travel from her home in the Northern District to the Southern District causes her transportation problems. (See Doc. No. 4 Ex. 4 at 11-12.) There is also no indication that transferring venue will prevent plaintiff from receiving a fair trial.

In sum, the overwhelming balance of factors weigh in support of granting defendants' motion to transfer venue to the Northern District of West Virginia.

### III. Conclusion

For the reasons discussed above, in the interest of justice under 28 U.S.C. § 1412, this court **GRANTS** defendants' motion to transfer venue to the Northern District of West Virginia (Doc. No. 4). The Clerk is directed to remove this case from the court's active docket and to forward copies of this memorandum opinion and order to all counsel of record and to the Clerk of the Northern District of West Virginia.

It is **SO ORDERED** this 25th day of October, 2006.

ENTER:

David A. Faber
Chief Judge